IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Michael Rivera,
: 
    Plaintiff,
: 
v.
: 
: Civil Action No. 15-1659
: 
C.O.I. V. O'Haine,
: 
C.O.II. Sgt. Shamoski,
: 
C.O.II. Sgt. Bienkowski,
: 
    Defendants.
: 

FILED
SCRANTON
AUG 27 2015
PER _____
DEPUTY CLERK

COMPLAINT

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized under 28 U.S.C. Section 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

1.

## II. PLAINTIFF

3. Plaintiff, Michael Rivera, is and was at all times mentioned herein a prisoner of the Commonwealth of Pennsylvania in the custody of the Pennsylvania Department of Corrections. He is currently confined at the State Correctional Institution at Dallas in Dallas, Pennsylvania under the Department of Corrections number EW2442.

## III. DEFENDANTS

4. Defendant, C.O.I. Joe O'Haire, is a Correctional Officer of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint, held the rank of prison guard and was assigned to the State Correctional Institution at Dallas.

5. Defendant, C.O.II. Sergeant Shamoski, is a Correctional Sergeant of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint, held the rank of prison sergeant and was assigned to the State Correctional Institution at Dallas. Defendant Shamoski's first name is unknown to the Plaintiff at this time.

6. Defendant, C.O.II. Sergeant Bienkowski, is a Correctional Sergeant of the Pennsylvania Department of Corrections who, at all times mentioned in this complaint, held the rank of prison sergeant and was assigned to the State Correctional Institution at Dallas. Defendant Bienkowski's first name is unknown to the Plaintiff at this time. Defendant Bienkowski is usually assigned to the property room within the State Correctional Institution at Dallas.

7. Each Defendant is sued individually and in his official capacity. At all times mentioned in this complaint, each Defendant acted under the color of state law.

## IV. FACTS

8. On January 20, 2015 Plaintiff assaulted Corrections Officer Rob Lewis on block I within the State Correctional Institution at Dallas.

9. Defendants, O'Haire and Shamoski responded to C.O.R. Lewis' assault on block I by Plaintiff.

10. Defendants, O'Haire and Shamoski subdued and handcuffed Plaintiff behind his back without any further incident on block I.

11. Plaintiff was not injured while being subdued and handcuffed by the Defendants.

12. Defendants, O'Haire and Shamoski then escorted Plaintiff to the medical department in handcuffs.

13. Upon entering the medical department, Defendants O'Haire and Shamoski led Plaintiff into the trauma room within the medical department.

14. Plaintiff remained handcuffed behind his back the entire time he was inside the trauma room within the medical department.

15. Immediately after Defendants O'Haire and Shamoski led Plaintiff into the trauma room, Defendant Bienkowski also entered the trauma room.

16. Within seconds of entrance into the trauma room, all three Defendants began punching, kicking, and kneeing the Plaintiff in the head, face, and body. This retaliatory assault lasted approximately two minutes.

17. All three Defendants assaulted Plaintiff without provocation or penological justification, as Plaintiff was subdued and incapacitated at the time he endured this illegal assault.

18. Plaintiff suffered cuts to both his eyebrows, the left eyebrow requiring three stitches to close, as well as several other minor cuts to his wrists, a chipped front tooth, and numerous abrasions and contusions.

19. Plaintiff also suffered pain as a result of the injuries he incurred.

20. Plaintiff had three stitches in his left eyebrow for eight days, until they were removed on January 28, 2015. During these eight days, Plaintiff was housed in a level five medical observation cell due to his injuries.

21. Plaintiff was transferred from the medical observation cell to the restricted housing unit within the State Correctional Institution at Dallas, on January 28, 2015, where he remains in custody today.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. Plaintiff used the inmate grievance system available to him at the State Correctional Institution at Dallas to try to redress the retaliatory assault he endured. Plaintiff submitted grievance number 549447 presenting the facts relating to this complaint, on January 28, 2015.

23. On April 30, 2015, Security Lieutenant Starzynski denied Plaintiff's grievance within the initial review response.

24. On May 2, 2015, Plaintiff appealed the denial of grievance number 549447 to the facility manager, Superintendent Lawrence Mahally.

25. On May 12, 2015, Superintendent Lawrence Mahally upheld the initial response to grievance number 549447 and denied Plaintiff's claims within the facility manager's appeal response.

26. On May 18, 2015, Plaintiff submitted his appeal for final review of grievance number 549447 to the Chief, Secretary's Office of Inmate Grievances and Appeals.

27. On July 14, 2015, Chief Grievance Officer Dorina Varner upheld both prior decisions to deny grievance number 549447 and the requested relief.

28. Plaintiff has no further administrative remedies available to him.

## VI. LEGAL CLAIMS

29. Plaintiff realleges and incorporates by reference paragraphs 1-28.

30. Defendants used excessive force against Plaintiff by punching, kicking, and kneeing him in the head, face, and body while he was subdued and handcuffed behind his back, and was no longer acting disruptively. Defendant's actions violated and continues to violate Plaintiff's rights under the Eighth Amendment to the United States Constitution, and is causing Plaintiff pain, suffering, physical injury and emotional distress.

31. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants the declatory and injunctive relief which the Plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment:

32. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

33. A permanent injunction ordering Defendants to cease their physical violence and threats and retaliation toward Plaintiff, and

34. Granting Plaintiff compensatory damages in the amount of $100,000.00 against each Defendant, jointly and severally, and

35. Granting Plaintiff punitive damages in the amount of $100,000.00 against each Defendant, jointly and severally, and

36. Plaintiff seeks a jury trial on all issues triable by jury,

37. Plaintiff also seeks recovery of all the costs to pursue this suit, and

38. Any additional relief this court deems just, proper, and equitable.

Date: August 24, 2015

Respectfully submitted

*Michael Rivera*

Michael Rivera

D.O.C. # EW2442

1000 Follies Rd.

Dallas, PA 18612

# VERIFICATION

8.

I, Michael Rivera, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Dallas, Pennsylvania on August 24, 2015.

Respectfully submitted,

*Michael Rivera*

Michael Rivera
D.O.C. # EW2442
1000 Follies Rd.
Dallas, PA 18612