IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL RIVERA,
    Plaintiff,

v.

C.O.I J. O'HAIRE, et al.,
    Defendants

No. 1:15-cv-1659

Hon. John E. Jones III

FILED
HARRISBURG, PA
AUG 1 1 2016

## PRETRIAL MEMORANDUM

Pursuant to **Local Rule 16.5**, Plaintiff files this pretrial memorandum and represents the following:

## A. JURISDICTION

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized under 28 U.S.C. Section 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure.

## B. SUMMARY STATEMENT OF FACTS

2. On January 20, 2015, Plaintiff was restrained and handcuffed by Defendants O'Haire

1

and Sromovski on Block I within SCI-Dallas, and escorted to the Medical department. Upon entrance to the trauma room within the Medical department, Defendant Bienkowski also entered the trauma room, and immediately thereafter all three Defendants began punching, kicking, and kneeing the Plaintiff in the face, head, and body. After exhausting all administrative remedies available, Plaintiff filed a complaint in this matter on or about August 24, 2015. Defendants filed an answer on or about January 22, 2016.

Plaintiff contends that he sustained his injuries as a result of the retaliatory assault he endured at the hands of the Defendants while he was subdued and handcuffed behind his back.

Defendants' contend that Plaintiff's injuries occurred on the housing unit as a result of his own actions.

## C. COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS

3. Plaintiff assaulted C.O.I Rob Lewis on block I within SCI-Dallas on January 20, 2015.

4. Defendants O'Haire and Sromovski responded to C.O.I Lewis' assault and were partially responsible for subduing and handcuffing Plaintiff on block I within SCI-Dallas.

5. Defendants O'Haire and Sromovski then escorted Plaintiff to the Medical department within SCI-Dallas.

6. Upon entrance to the Medical department, Defendants O'Haire and Sromovski led Plaintiff into the trauma room.

7. Upon entrance to the trauma room, Defendant Bienkowski immediately followed both

Defendants O'Haire and Sromovski into the trauma room, along with Plaintiff.

8. All three Defendants then began punching, kicking, and kneeing Plaintiff in the face, head, and body in retaliation for Plaintiff's assault of C.O. I Rob Lewis minutes earlier on block I.

9. This retaliatory assault lasted approximately two minutes.

10. Plaintiff was handcuffed behind his back this entire time.

11. Plaintiff suffered cuts to both his eyebrows, the left of which required three stitches to close, as well as several other minor cuts to his wrists, a chipped front tooth, and numerous minor abrasions and contusions as a result of Defendants' actions.

12. Plaintiff also suffered pain as a result of the injuries he incurred.

13. Plaintiff had three stitches in his left eyebrow for approximately eight days, during which he continuously received pain medication for his injuries.

14. Plaintiff's chipped front tooth is irreparable and permanent.

15. Plaintiff has properly exhausted all administrative remedies available.

16. This matter is ready to proceed to a jury trial.

# D. BRIEF DESCRIPTION OF DAMAGES

17. Plaintiff's principal injuries were the cuts to both his eyebrows and a chipped front tooth.

18. Plaintiff remained hospitalized within the Medical department at SCI-Dallas for approximately eight days as a result of the injuries he incurred.

19. Plaintiff has estimated the value of the compensatory damages he has requested to be $100,000.00 against each Defendant, jointly and severally.

20. Plaintiff has estimated the value of the punitive damages he has requested to be $100,000.00 against each Defendant, jointly and severally.

# E. NAMES AND ADDRESSES OF WITNESSES

21. Witness number one: Mr. Caine Pelzer, D.O.C. number EZ2913, who is currently housed at SCI-Dallas, which is located at 1000 Follies Road in Dallas, Pennsylvania. For a summary of Mr. Pelzer's testimony, please see the attached Petition For A Writ Of Habeas Corpus Ad Testificandum and its accompanying Declaration.

22. Witness number two: Mr. Derrick Davis, D.O.C. number KM3839, who is currently housed at SCI-Dallas, which is located at 1000 Follies Road in Dallas, Pennsylvania. For a summary of Mr. Davis' testimony, please see the attached Petition For A Writ Of Habeas Corpus Ad Testificandum and its accompanying Declaration.

23. Witness number three: Mr. Vernell Morris, D.O.C. number CC2451, who is currently housed at SCI-Dallas, which is located at 1000 Follies Road in Dallas, Pennsylvania. For a summary of Mr. Morris' testimony, please see the attached Petition For A Writ Of Habeas Corpus Ad Testificandum and its accompanying Declaration.

24. Witness number four: Mr. Anthony Gardener, D.O.C. number CS6493, who is currently housed at SCI-Dallas, which is located at 1000 Follies Road in Dallas, Pennsylvania. For a summary of Mr. Gardener's testimony, please see the attached Petition For A Writ Of Habeas Corpus Ad Testificandum and its accompanying Declaration.

25. Witness number five: Mr. Michael Rivera, D.O.C. number EW2442, who is currently housed at SCI-Fayette, which is located at 50 Overlook Drive in LaBelle, Pennsylvania. For a summary of Mr. Rivera's testimony, please see the attached Petition For A Writ Of Habeas Corpus Ad Testificandum and its accompanying Declaration.

## F. SUMMARY OF TESTIMONY OF EACH WITNESS

26. Mr. Caine Pelzer witnessed Plaintiff be subdued and handcuffed on block I within SCI-Dallas without further incident or injury.

27. Mr. Derrick Davis witnessed Plaintiff be subdued and handcuffed on block I within SCI-Dallas without further incident or injury.

28. Mr. Vernell Morris witnessed Plaintiff be subdued and handcuffed on block I within SCI-Dallas without further incident or injury.

29. Mr. Anthony Gardener witnessed Plaintiff be subdued and handcuffed on block I within SCI-Dallas without further incident or injury.

30. Mr. Michael Rivera is the Plaintiff in this matter who was subdued and handcuffed on block I within SCI-Dallas without further incident or injury.

## G. SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY

31. Defendants refused to provide Plaintiff with any grievances, complaints, or any other documents received by the Pa.D.O.C. concerning the mistreatment of inmates by any of the Defendants.

32. Defendants refused to produce Plaintiff's medical records during discovery.

33. Defendants refused to produce any 'Use of Force' reports related to the incidents at issue in this matter.

34. Defendants refused to produce any policies, directives, or instructions conducive to the 'Use of Force.'

35. Defendants failed to provide Plaintiff with the names, titles, and duties of all the Pa.D.O.C. officials who have responsibility for responding to, investigating, or deciding inmate grievances that include allegations of abuse.

36. Defendants have yet to supplement any of their responses to Plaintiff's interrogatories.

# H. SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON

37. Defendants used excessive force against Plaintiff by punching, kicking, and kneeing him in the head, face, and body while he was subdued and handcuffed behind his back and no longer acting disruptively.

38. Defendants actions violated and continues to violate Plaintiff's rights under the Eighth Amendment to the United States Constitution.

39. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein.

40. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants the declatory and injunctive relief which the Plaintiff seeks.

41. 42 U.S.C. Section 1983 is derived from Section I of the Civil Rights Act of 1871. It was intended to create 'a species of tort liability' in favor of persons deprived of federally secured rights. Carey v. Piphus, 435 U.S. 247, 253, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978).

42. Punitive damages are available in a 'proper Section 1983 action'. Carlson v. Green, 446 U.S. 14, 22, 100 S.Ct. 1468, 1473, 64 L.Ed.2d 15 (1980).

43. Deterrance of future egregious conduct is a primary purpose of both, Section 1983 and punitive damages. Newport v. Fact Concerts, Inc., 453 U.S. 247, 266-267, 101 S.Ct. 2748, 2759-60, 69 L.Ed.2d 616 (1981).

44. Defense of qualified immunity was not available to corrections officers who participated in gratuitous use of excessive force against prisoner while he was incapacitated. <u>Skritch v. Thornton</u>, 280 F.3d 1295 (11th Cir. 2002)(quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

45. Infliction of pain that are 'totally without penological justification' are 'unnecessary' and 'wanton', in violation of the Eighth Amendment. <u>Hope v. Pelzer</u>, 536 U.S. 730, 737, 153 L.Ed.2d 666, 122 S.Ct. 2508 (2002).

## I. STIPULATIONS

46. Plaintiff is not requesting any stipulations at this time.

## J. ESTIMATED NUMBER OF TRIAL DAYS

47. Plaintiff estimates that trial should take approximately five days.

## K. ANY OTHER PERTINENT MATTER

48. Plaintiff has no way to contact other potential witnesses to this matter, as the Pa.D.O.C. does not permit prisoner-to-prisoner correspondence. Plaintiff is aware of at least ten other potential witnesses who were present on block I within SCI-Dallas at the time of the incidents described herein, but has no way to communicate with them and secure their testimony. Plaintiff requests that this court grant him special permission to contact potential inmate witnesses at SCI-Dallas and secure their testimony as to Plaintiff's lack of any injury whatsoever after being subdued and handcuffed behind his back on block I.

# L. PRENUMBERED SCHEDULE OF EXHIBITS

49. Plaintiff has been unable to secure an Exhibit Form from the clerk of court, however, below is a numbered listing of documents which Plaintiff would like admitted into evidence for use at trial:

1. Misconduct Report No. B535373, issued by C.O.I Harris to Plaintiff, relating to Plaintiff's assault of C.O.I Rob Lewis on block I within SCI-Dallas on January 20, 2015.

2. Official Inmate Grievance No. 549447, submitted by Plaintiff on or about January 28, 2015, relating the facts at issue in this matter.

3. Inmate's Request To Staff Member, Form DC-135A, submitted by Plaintiff on or about February 14, 2015, addressed to Security Lieutenant Starzynski, wherein Plaintiff corrected his previous misidentification of Defendant Bienkowski.

4. Initial Review Response to Official Inmate Grievance No. 549447, signed by Security Lieutenant Starzynski, and dated April 30, 2015.

5. SCI Appeal To Facility Manager Grievance form appealing Security Lieutenant Starzynski's Initial Review Response to Official Inmate Grievance No. 549447, submitted by Plaintiff on or about May 2, 2015, addressed to Superintendent Lawrence Mahally.

6. Facility Manager's Appeal Response by Superintendent Lawrence Mahally, dated May 12, 2015, denying Official Inmate Grievance No. 549447.

7. Inmate Appeal To Final Review Grievance form, submitted by Plaintiff on or about May 18, 2015, addressed to the Chief Secretary's Office of Inmate Grievances and Appeals, appealing the denial of Official Inmate Grievance No. 549447.

8. Final Appeal Decision Secretary's Office of Inmate Grievances and Appeals, signed by Ms. Dorina Varner, Chief Grievance Officer, dated July 14, 2015, denying Official Inmate Grievance No. 549447.

9. Declaration of Mr. Caine Pelzer, dated October 10, 2015.

10. Declaration of Mr. Derrick Davis, dated February 15, 2015.

11. Declaration of Mr. Vernell Morris, dated January 29, 2015.

12. Delaration of Mr. Anthony Gardener, dated February 19, 2015.

13. Declaration of Mr. Michael Rivera, dated August 1, 2016.

14. Plaintiff's Interrogatories and First Request For The Production of Documents, dated February 25, 2016.

15. Defendants' Responses To Plaintiff's Interrogatories and First Request For The Production of Documents, dated March 28, 2016.

16. Declaration of Ms. Lisa Wojdak Basial, dated June 7, 2016.

## M. SPECIAL VERDICT QUESTIONS

50. Plaintiff is not requesting any special verdict questions at this time.

## N. SETTLEMENT AUTHORITY NOTIFICATION

51. Plaintiff believes that this section of the pretrial memorandum format does not apply to this instant matter, as a result of this Court's Order dated June 22, 2016, vacating this Court's previous Order referring this matter to the Prison Litigation Settlement Program. Consequently, Plaintiff believes that this notification is unnecessary and moot.

## O. LOCAL RULE 30.10 CERTIFICATE

52. Plaintiff avers that he has not been afforded access to the transcripts of the deposition which occurred on March 23, 2016 at SCI-Dallas. Further, Plaintiff avers that he has not been contacted by Defendants' counsel in order to fulfill the requirements of Local Rule 30.10.

## P. LOCAL RULE 48.2 MEMORANDUM

53. Plaintiff believes that the Memorandum requirement of Local Rule 48.2 does not

apply to this instant matter, as Plaintiff requested a jury trial within the complaint. Therefore Plaintiff believes that the Memorandum requirement of this section is moot.

## CONCLUSION

WHEREFORE, Plaintiff submits this Pretrial Memorandum as his best effort to meet the requirements of **Local Rule 16.5**, and requests that this matter be scheduled for a jury trial at the Court's convenience.

Dated: August 1, 2016

Respectfully submitted,

*Michael Rivera*

Michael Rivera

D.O.C.# EW2442

SCI-Fayette

Box 9999

LaBelle, PA 15450

Michael Rivera
EW2442
Box 9999
LaBelle, PA 15450

Office of the Clerk
U.S. Courthouse
228 Walnut St.
P.O. Box 983
Harrisburg, PA 17108